NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAKHMATULLA ASATOV,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3039

---

Petition for review of the Merit Systems Protection Board in No. PH3330120309-I-1.

---

**ON MOTION**

---

Before NEWMAN, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Department of the Army moves to dismiss the petition for review for lack of jurisdiction. Rakhmatulla Asatov responds to the court's order directing him to show cause as to why his appeal should not be dismissed as untimely.

On August 2, 2012, the Merit Systems Protection Board ("Board") issued an initial decision denying Mr. Asatov's request for corrective action. On September 6, 2012, the initial decision became the final decision of the Board. The court received Mr. Asatov's petition for review on November 6, 2012, or 61 days after the Board's decision became final.

Our review of a Board decision or order is governed by 5 U.S.C. § 7703(b)(1), which provides in relevant part that "[n]otwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A) (2012). This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dep't of Transp.,* 735 F.2d 1335, 1336 (Fed. Cir. 1984); *see also Bowles v. Russell,* 551 U.S. 205 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived).

Mr. Asatov argues that he "filed" his petition for review with the United States Postal Service. In order for a petition for review to filed, however, it must be received by this court. Mr. Asatov also argues that equitable tolling should be applied in this case. As explained above, the 60-day filing deadline is statutory, mandatory and jurisdictional and cannot be waived or equitably tolled. Because Mr. Asatov's petition was not received within 60 days of the date he received the Board's decision, we must dismiss his petition as untimely.

RAKHMATULLA ASATOV v. ARMY                                3

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss is granted.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk

s25

Issued As A Mandate:  June 19, 2013